UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

LORENZO TOWNSEND,

        Plaintiff,                Case No. 1:23-cv-1023

v.                                  Honorable Robert J. Jonker

MICHIGAN DEPARTMENT OF
CORRECTIONS et al.,

        Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Plaintiff's case was referred to the Prisoner Civil Rights Litigation Early Mediation Program but was removed from mediation at the request of Defendant Suzanne Groff. (*See* ECF Nos. 9, 10.)

Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss, for failure to state a claim, the following claims: Plaintiff's official capacity claims for damages, his claims for damages under RLUIPA, his claims against Defendant MDOC, and his Eighth and Fourteenth Amendment claims. The following claims remain in the case: Plaintiff's First Amendment free exercise claims against Defendants Groff,

Villasan, and Bowerman, and his RLUIPA claims for declaratory and injunctive relief against these Defendants.

## Discussion

### I.   Factual Allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Lakeland Correctional Facility (LCF) in Coldwater, Branch County, Michigan. The events about which he complains occurred at that facility. Plaintiff sues the Michigan Department of Corrections (MDOC), Qualified Health Professional Suzanne Groff, and Healthcare Licensed Professionals Megan Bowerman and Rosemary Villasan in their individual and official capacities. (ECF No. 1, PageID.2.)

Plaintiff is a Buddhist and a strict vegan and has been recognized as an adherent by the MDOC since December 11, 2007. Plaintiff also asserts that he was ordained on October 24, 2000, and was granted the title of Buddhist Monk on March 27, 2014. (*Id.*, PageID.3.)

On January 19, 2023, Plaintiff asked Defendant Groff to note in his medical records that he was a practicing Buddhist and a strict vegan who could not take a T.B. test because it contains human or animal derivatives and byproducts. Plaintiff sought to be provided with a chest x-ray as an alternative test. Defendant Groff assured Plaintiff that the information would be placed in his record, and Plaintiff told her that he believed he would be called out later that day for a T.B. test. (*Id.*)

Later that day, Plaintiff was called out to healthcare where Defendant Bowerman told Plaintiff that he had to submit to a T.B. test. Plaintiff objected to the test on religious grounds but was told that his file did not contain that information. Defendant Bowerman consulted with Defendant Villasan, who indicated that Plaintiff would be placed in segregation if he did not take the test. Plaintiff states that he agreed to take the test as a direct result of the threat. (*Id.*)

Plaintiff asserts that Defendants violated his rights under the First, Eighth, and Fourteenth Amendments, as well as the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000, et seq. Plaintiff seeks compensatory and punitive damages, as well as declaratory and injunctive relief. (*Id.* at PageID.4-5.)

## II.     Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by

a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A.     Defendant MDOC and official capacity claims for damages

Defendants are entitled to immunity with respect to Plaintiff's official capacity claims for damages. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Turker v. Ohio Dep't of Rehab. & Corr.*, 157 F.3d 453, 456 (6th Cir. 1988). Nor may Plaintiff maintain a § 1983 action against the MDOC. Regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts, unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98–101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1994). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). In numerous opinions, the Sixth Circuit has specifically held that the MDOC is absolutely immune from a § 1983 suit under the Eleventh Amendment. *See, e.g.*, *Harrison v. Michigan*, 722 F.3d 768, 771 (6th Cir. 2013); *Diaz v. Mich. Dep't of Corr.*, 703 F.3d 956, 962 (6th Cir. 2013); *McCoy v. Michigan*, 369 F. App'x 646, 653–54 (6th Cir. 2010). In addition, the State of Michigan (acting through the MDOC) is not a "person" who may be sued under § 1983 for money damages. *See Lapides v. Bd. of Regents*, 535 U.S. 613, 617 (2002) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989)); *Harrison*, 722 F.3d at 771.

Moreover, regarding Plaintiff's claim under RLUIPA, Plaintiff fails to mention the MDOC in relation to that claim, or any of the other claims set forth in Plaintiff's complaint. (ECF No. 1, PageID.4-5.) In comparison, Plaintiff specifically asserts that Defendants Groff, Villasan, and Bowerman have violated his rights under RLUIPA, as well as specifically listing them in his recitation of each of his claims. (*Id.*) Therefore, because Plaintiff does not assert any claims against the MDOC, it is properly dismissed from this action.

### B.     Damages under RLUIPA

Nor is Plaintiff entitled to monetary damages in relation to his RLUIPA claims. Although the statute permits the recovery of "appropriate relief against a government," 42 U.S.C. § 2000cc-2(a), monetary damages are not available under RLUIPA. In *Sossamon v. Texas*, 563 U.S. 277 (2011), the Supreme Court held that the RLUIPA did not abrogate sovereign immunity under the Eleventh Amendment. *See also Cardinal v. Metrish*, 564 F.3d 794, 801 (6th Cir. 2009) ("[T]he Eleventh Amendment bars plaintiff's claim for monetary relief under RLUIPA.").

### C.     Eighth Amendment

Plaintiff claims that Defendants Bowerman and Villasan violated his Eighth Amendment rights when they coerced him into accepting a TB test despite his religious beliefs and that Defendant Groff violated his Eighth Amendment rights when she failed to maintain a complete and accurate record of Plaintiff's religious beliefs and practices. The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous," nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 345–46 (1981). The Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). The deprivation alleged must result in the denial of the "minimal civilized measure of life's

necessities." *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600–01 (6th Cir. 1998). The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348 (citation omitted). Moreover, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954. "Routine discomfort is 'part of the penalty that criminal offenders pay for their offenses against society.'" *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (quoting *Rhodes*, 452 U.S. at 347). As a consequence, "extreme deprivations are required to make out a conditions-of-confinement claim." *Id.*

In order for a prisoner to prevail on an Eighth Amendment claim, he must show that he faced a sufficiently serious risk to his health or safety and that the defendant official acted with "'deliberate indifference' to [his] health or safety." *Mingus v. Butler*, 591 F.3d 474, 479–80 (6th Cir. 2010) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (applying deliberate indifference standard to medical claims); *see also Helling v. McKinney*, 509 U.S. 25, 35 (1993) (applying deliberate indifference standard to conditions of confinement claims). The deliberate-indifference standard includes both objective and subjective components. *Farmer*, 511 U.S. at 834; *Helling*, 509 U.S. at 35–37. To satisfy the objective prong, an inmate must show "that he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer*, 511 U.S. at 834. Under the subjective prong, an official must "know[] of and disregard[] an excessive risk to inmate health or safety." *Id.* at 837. "[I]t is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm." *Id.* at 842. "It is, indeed, fair to say that acting or failing to act with deliberate indifference to a substantial risk of serious harm to a prisoner is the equivalent of recklessly disregarding that risk." *Id.* at 836. "[P]rison officials who actually knew of a substantial

6

risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted." *Id.* at 844. In this case, Plaintiff merely alleges that he was subjected to a TB test which offended his religious beliefs. However, Plaintiff fails to allege any facts which indicate that the test was harmful to Plaintiff's physical health in any way. Because Plaintiff has failed to allege facts which show that he was subjected to a substantial risk of serious harm, his Eighth Amendment claims are properly dismissed.

        **D.**        **Fourteenth Amendment substantive due process claims**

Plaintiff's Fourteenth Amendment substantive due process claims also lack merit. "Substantive due process 'prevents the government from engaging in conduct that shocks the conscience or interferes with rights implicit in the concept of ordered liberty.'" *Prater v. City of Burnside*, 289 F.3d 417, 431 (6th Cir. 2002) (quoting *United States v. Salerno*, 481 U.S. 739, 746 (1987)). "Substantive due process . . . serves the goal of preventing governmental power from being used for purposes of oppression, regardless of the fairness of the procedures used." *Pittman v. Cuyahoga Cnty. Dep't of Child. & Fam. Servs.*, 640 F.3d 716, 728 (6th Cir. 2011) (quoting *Howard v. Grinage*, 82 F.3d 1343, 1349 (6th Cir. 1996)). "Conduct shocks the conscience if it 'violates the decencies of civilized conduct.'" *Range v. Douglas*, 763 F.3d 573, 589 (6th Cir. 2014) (quoting *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 846–47 (1998) (quoting *Rochin v. California*, 342 U.S. 165, 172-73 (1952))). The Sixth Circuit has held that framing an inmate by planting evidence may violate substantive due process where a defendant's conduct shocks the conscience and constitutes an "egregious abuse of governmental power." *Cale v. Johnson*, 861 F.2d 943, 950 (6th Cir. 1988), *overruled in other part by Thaddeus-X v. Blatter*, 175 F.3d 378, 388 (6th Cir. 1999); *see also Davis v. Gallagher*, No. 1:16-cv-1405, 2016 WL 7403941, *4 (W.D. Mich. Dec. 22, 2016); *Robinson v. Schertz*, No. 2:07-cv-78, 2007 WL 4454293 (W.D. Mich. Dec. 14, 2007).

"Where a particular [a]mendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that [a]mendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims.'" *Albright v. Oliver*, 510 U.S. 266, 269 (1994) (quoting *Graham v. Connor*, 490 U.S. 386, 394 (1989) (holding that the Fourth Amendment, not substantive due process, provides the standard for analyzing claims involving unreasonable search or seizure of free citizens, and the Eighth Amendment provides the standard for such searches of prisoners), *overruled on other grounds by Saucier v. Katz*, 533 U.S. 194 (2001)). If such an amendment exists, the substantive due process claim is properly dismissed. *Heike v. Guevara*, 519 F. App'x 911, 923 (6th Cir. 2013).

In this case, the First Amendment provides an explicit textual source of constitutional protection for Plaintiff's free exercise claims. The Free Exercise Clause of the First Amendment to the United States Constitution provides that "Congress shall make no law . . . prohibiting the free exercise [of religion]." U.S. Const. amend. Thus, the standard applicable to that source, the First Amendment, and not the more generalized notion of substantive due process should be applied. *Graham*, 490 U.S. at 395. Consequently, Plaintiff's substantive due process claims are properly dismissed.

### E.     Remaining claims

At this stage of the proceedings, Plaintiff has sufficiently stated First Amendment free exercise claims against Defendants Groff, Villasan, and Bowerman, as well as claims for declaratory and injunctive relief under RLUIPA against these Defendants. Therefore, these claims may not be dismissed at screening.

### Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that the following claims will be dismissed for failure to state a claim, under 28 U.S.C.

8

§§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c): (1) Plaintiff's official capacity claims for damages; (2) Plaintiff's claims for damages under RLUIPA; (3) Plaintiff's claims against Defendant MDOC; and (4) Plaintiff's Eighth and Fourteenth Amendment claims. Plaintiff's First Amendment free exercise claims against Defendants Groff, Villasan, and Bowerman, and his RLUIPA claims for declaratory and injunctive relief against these Defendants will remain in the case.

An order consistent with this opinion will be entered.

Dated:  January 2, 2024                    /s/ Robert J. Jonker
                                                                                                     Robert J. Jonker
                                                                                                     United States District Judge