UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LORENZO TOWNSEND,

Plaintiff,

Case No.: 1:23-cv-1023

v.

Hon. Robert J. Jonker

MICHIGAN DEPARTMENT OF CORRECTIONS, *et al.*,

Defendants.

______________________________/

**REPORT AND RECOMMENDATION**

This is a *pro se* civil rights action brought pursuant to 42 U.S.C. § 1983 by Lorenzo Townsend, a state prisoner in the custody of the Michigan Department of Corrections (MDOC). Plaintiff was granted *in forma pauperis* status. This matter is now before the Court on a review of the defendant Suzanne Groff, N.P.'s Notice of Plaintiff's Non-Compliance with Court Order (ECF No.79).

**I. Background**

Plaintiff filed the complaint on September 28, 2023, against the Michigan Department of Corrections, Susanne Groff, N.P., Rosemary Villasan, R.N. and Megan Bowerman, R.N. alleging a denial of medical care and deliberate indifference to his serious medical need. *See* Compl. (ECF No. 1)

The Court summarized plaintiff's complaint as follows:

> Plaintiff is a Buddhist and a strict vegan and has been recognized as an adherent by the MDOC since December 11, 2007. Plaintiff also asserts that he was ordained on October 24, 2000, and was granted the title of Buddhist Monk on March 27, 2014. [Compl. at PageID.3.]

> On January 19, 2023, Plaintiff asked Defendant Groff to note in his medical records that he was a practicing Buddhist and a strict vegan who could not take a T.B. test because it contains human or animal derivatives and byproducts. Plaintiff sought to be provided with a chest x-ray as an alternative test. Defendant Groff assured Plaintiff that the information would be placed in his record, and Plaintiff told her that he believed he would be called out later that day for a T.B. test. (*Id.*)
>
> Later that day, Plaintiff was called out to healthcare where Defendant Bowerman told Plaintiff that he had to submit to a T.B. test. Plaintiff objected to the test on religious grounds but was told that his file did not contain that information. Defendant Bowerman consulted with Defendant Villasan, who indicated that Plaintiff would be placed in segregation if he did not take the test. Plaintiff states that he agreed to take the test as a direct result of the threat. (*Id.*)
>
> Plaintiff asserts that Defendants violated his rights under the First, Eighth, and Fourteenth Amendments, as well as the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000, *et seq*. Plaintiff seeks compensatory and punitive damages, as well as declaratory and injunctive relief. (*Id.* at PageID.4-5.)

Opinion (ECF No. 11, PageID.37-38).

Fed. R. Civ. P. 26(b)(1) provides:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefits. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Defendant Groff has twice requested a signed authorization from the plaintiff for the release of his medical records from MDOC. The first request was made on July 30, 2025, and the second on April 13, 2026. (ECF No. 76, PageID.362) In response to defendant's first request for production, Townsend stated:

> This litigation does not include any claim which would involve my medical records. Therefore, disclosure of my medical records for this litigation would be a violation of the HIPPA and my medical records lends nothing to

> this litigation. Thus, I invoke my right under the Health Information Personal Protection Act. (HIPPA). *See* Exhibit C to Defendant's June 9, 2026 Motion to Compel, ECF No. 76-3.

Plaintiff did not respond to the second request for production of documents, nor did he provide the signed authorization. Defendant Groff then moved for relief pursuant to Fed. R. Civ. P. 37(a)(3)(B), which provides that "a party seeking discovery may move for an order compelling an answer, designation, production or inspection." The Court granted the relief requested and ordered the plaintiff to execute an authorization for the release of health information within ten (10) days of the date of the Order. The Court further warned the plaintiff that "his failure to comply with this order may result in sanctions including dismissal of this lawsuit" (ECF No. 78). Defendant Groff notified the Court that plaintiff has not provided the signed authorization within the time required. *See* Notice of Plaintiff's Non-Compliance with Court Order (ECF No. 79).

## II. Discussion

"It is well settled that a district court has the authority to dismiss *sua sponte* a lawsuit for failure to prosecute." *Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013). "Rule 41(b) of the Federal Rules of Civil Procedure confers on district courts the authority to dismiss an action for failure of a plaintiff to prosecute the claim or to comply with the Rules or any order of the court." *Schafer v. City of Defiance Police Dept.*, 529 F.3d 731, 736 (6th Cir. 2008). Under Local Civil Rule 41.1, "If good cause is not shown within the time set in the show cause order, the presiding judge may enter an order of dismissal with or without prejudice, with or without costs. Failure of a plaintiff to keep the court apprised of a current address shall be grounds for dismissal for want of prosecution." However, before *sua sponte* dismissing a lawsuit for failure

to prosecute, a court typically must warn a party that "further noncompliance would result in dismissal." *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 644 (6th Cir. 2005).

District courts in this circuit examine four factors to determine whether a case should be dismissed for want of prosecution under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal of the action.

*Saulsberry v. Holloway*, 622 F. App'x 542, 545 (6th Cir. 2015). As Magistrate Judge Patricia T. Morris observed in a case involving a *pro se* Social Security claimant,

> When managing cases involving *pro se* litigants, the Court must take into consideration the difficulties an individual faces in bringing forward their case without the benefit of legal representation. However, the Court must also balance the defendant's right to a fair and timely resolution of the litigation, and therefore *pro se* litigants are not to be accorded any special consideration when they fail to adhere to readily- comprehended court deadlines.

*Allen o/b/o B.S.A. v. Comm'r of Soc. Sec.*, No. 20-13435, 2022 WL 604167, at *2 (E.D. Mich. Feb. 8, 2022) (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir.1991), *Gayles v. Comm'r of Soc. Sec.*, No. 09-11914, 2010 WL 3582553, at *1 (E.D. Mich. Sept. 9, 2010)), *report and recommendation adopted*, 2022 WL 600861 (E.D. Mich. Feb. 28, 2022).

In *Allen*, the plaintiff was warned that failure to file a motion and brief may result in dismissal. *Id.* Nevertheless, no motion or brief was filed. Magistrate Judge Morris found that, "[w]hile it is not clear that [the p]laintiff's failure to prosecute stems from willfulness or bad faith, I nonetheless suggest that [the Commissioner] should not be further prejudiced by [the p]laintiff's

failure to pursue his claims[,]" and that the plaintiff's "lack of participation in the case suggests that lesser sanctions would be fruitless." *Id.* (collecting cases).

In this case, plaintiff objects to the disclosure of his medical records claiming that "this litigation does not include any claim which would involve my medical records. Therefore, disclosure of my medical records for this litigation would be a violation of the HIPPA and my medical records lends nothing to this litigation. *See* Exhibit C to Defendant's June 9, 2026 Motion to Compel, ECF No. 76-3. The Court disagreed stating that his medical records are "relevant and fall within the scope of discovery" and that there is no basis for Townsend to refuse to authorize the release of his medical records. Finally, plaintiff was warned that failure to comply with the Court's order may result in dismissal of the lawsuit (ECF No. 78).

It is clear that plaintiff's failure to prosecute stems from willfulness and bad faith by refusing to provide a signed authorization. The medical records are relevant and discoverable. Defendants cannot obtain the records without the signed authorization and would be prejudiced in evaluating the case and preparing their defense. Therefore, the undersigned recommends dismissal because the Defendants should not be further prejudiced by plaintiff's failure to pursue his claims. And as in *Allen o/b/o B.S.A.*, Plaintiff's lack of participation in the case suggests that lesser sanctions would be fruitless. *See Morley v. Comm'r of Soc. Sec.*, No. 12-14653, 2013 WL 2051326, at *1 (E.D. Mich. May 14, 2013) (holding that where a petitioner "effectively abandon[s] the case . . . dismissal is the only appropriate remedy available"); *see also Bullard v. Roadway Exp.*, 3 F. App'x 418, 421 (6th Cir. 2001) (per curiam) ("[A] district court does not abuse its

discretion by dismissing a case when other sanctions might be workable as long as dismissal is supported by the facts.”).

### III. Recommendation

For the reasons set forth above, the undersigned recommends that this case be **DISMISSED** under Federal Rule of Civil Procedure 41(b) and Western District of Michigan Local Rule 41.1 for failure to prosecute.

Dated: October 20, 2026

/s/ Ray Kent
RAY KENT
United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court’s order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).