UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LORENZO TOWNSEND,

Plaintiff,

v.

MICHIGAN DEPARTMENT OF CORRECTIONS, *et al.*,

Defendants.
_____________________________________/

CASE No. 1:23-CV-1023

HON. ROBERT J. JONKER

**ORDER APPROVING AND ADOPTING REPORT AND RECOMMENDATION**

The Court has reviewed Magistrate Judge Kent's Report and Recommendation (ECF No. 80) and Plaintiff's Objection to the Report and Recommendation (ECF No. 81). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b)(3). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the

Report and Recommendation itself; and Plaintiff's objections. After its review, the Court finds the Magistrate Judge's Report and Recommendation to be factually sound and legally correct.

The Report and Recommendation accurately describes the procedural history of this case. Plaintiff filed this case in September 2023 against the Michigan Department of Corrections, Susanne Groff, N.P., Rosemary Villasan, R.N., and Megan Bowerman, R.N., alleging a denial of medical care and deliberate indifference to his serious medical needs. (ECF No. 1). Plaintiff first objects that the Magistrate Judge gave an inaccurate description of his complaint. Plaintiff contends that he has not alleged a denial of medical care. At most, this is a quibble over semantics. The thrust of Plaintiff's complaint is that he did not receive the specific TB test he requested based on his religious beliefs. In other words, Plaintiff argues he was denied the medical care he requested. There was no error in the Magistrate Judge's summary of Plaintiff's complaint.

The Magistrate Judge proceeded to recite the progress of the case that highlighted Plaintiff's non-participation in the litigation process, and Plaintiff's subsequent non-compliance with the rules and orders of the Court. In particular, on June 9, 2026, the defense renewed a previous motion to compel discovery that requested authorization from Plaintiff for the release of his medical records. (ECF No. 76). Before filing the motion, the defense sought Plaintiff's authorization, and it did not receive a response. Likewise, Plaintiff did not respond to the defense motion to compel. The Magistrate Judge did, however, examine a response that Plaintiff submitted regarding an earlier motion to compel. In that submission Plaintiff argued the case did not involve any medical records and that disclosure would violate his HIPPA rights. The Magistrate Judge disagreed and determined that the medical records were relevant and fell within

the scope of discovery. Accordingly, the Magistrate Judge granted the defense motion and ordered Plaintiff to execute the written authorization to disclose his medical records within ten days of the date of the order. (ECF No. 78).

Thereafter Plaintiff did not appeal the Magistrate Judge's decision. *See* W.D. Mich. LCivR 72.3(a). Nor did he comply with the Magistrate Judge's order requiring him to comply with the defense's discovery request. The defense alerted the Magistrate Judge to Plaintiff's noncompliance on July 23, 2026. (ECF No. 79). On October 20, 2026, the Magistrate Judge issued a Report and Recommendation that the Court dismiss this lawsuit as a sanction for Plaintiff's noncompliance with the discovery order and failure to prosecute this case. (ECF No. 80).

Plaintiff objects to the Magistrate Judge's recommendation. He has participated and prosecuted, he says. But what he should not be made to do is respond to irrelevant requests that violate his privacy rights. Plaintiff could have, but did not, raise these arguments in response to the motion to compel, and in an appeal of the Magistrate Judge's subsequent order. At this juncture, Plaintiff's objections to the Magistrate Judge's discovery order constitutes impermissible sandbagging of the Magistrate Judge. Moreover, Plaintiff's objections lack merit. The Magistrate Judge examined these arguments and determined that Plaintiff's privacy right did not outweigh the relevancy of the records. The Court agrees with the Magistrate Judge for the very reasons articulated by the Magistrate Judge..

The Court further agrees with the Magistrate Judge, on de novo review, that dismissal of this case based on Plaintiff's noncompliance of the rules and orders of the Court is warranted. Where a party "fails to obey an order to provide or permit discovery . . . the court where the action

is pending may issue further just orders," including, among others, an order "dismissing the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2)(A)(v). Similarly, Federal Rule of Civil Procedure 41(b) provides for involuntary dismissal of a complaint where the plaintiff has failed to prosecute and/or to comply with the Federal Rules of Civil Procedure or a court order. Fed. R. Civ. P. 41(b). These rules "allow[ ] district courts to manage their dockets and avoid unnecessary burdens on both courts and opposing parties." *Shavers v. Bergh*, 516 F. App'x 568, 569 (6th Cir. 2013) (citing *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)).

District courts in this circuit examine four factors to determine whether a case should be dismissed for want of prosecution under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal of the action.

*Saulsberry v. Holloway*, 622 F. App'x 542, 545 (6th Cir. 2015).

The Magistrate Judge determined, based on a review of these factors, that dismissal was called for. The Court agrees. Dismissal is proper under both Rule 37 and Rule 41. Plaintiff contends that prison medical staff failed to update his medical records and accordingly he was administered a medical test that went against his sincerely held medical beliefs. His refusal would have resulted in administrative segregation. The medical records the defense seeks are at the heart of this core claim and it is Plaintiff's own actions that have prevented the review of the claim.

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (ECF No. 80) is **APPROVED AND ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint is **DISMISSED** under Rule 37(b)(2) and Rule 41(b) of the Federal Rules of Civil Procedure for Plaintiff's failure to comply with the Rules and Orders of the Court.

This case is **CLOSED.**

Dated: November 16, 2026

/s/ Robert J. Jonker
ROBERT J. JONKER
UNITED STATES DISTRICT JUDGE